

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00196-CR

Michael S. **EISENHAUER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR6130
Honorable Maria Teresa Herr, Judge Presiding

PER CURIAM

Sitting:     Sandee Bryan Marion, Chief Justice
             Luz Elena D. Chapa, Justice
             Jason Pulliam, Justice

Delivered and Filed: April 29, 2015

DISMISSED FOR LACK OF JURISDICTION

Michael S. Eisenhauer entered into a plea bargain with the State, pursuant to which he pleaded guilty to a second offense of assault–family violence. The trial court imposed sentence in accordance with the agreement on April 4, 2014. Eisenhauer filed a motion for new trial on May 2, 2014, which was overruled by operation of law. A notice of appeal was therefore due July 3, 2014, or the notice and a motion for extension of time to file, were due July 18, 2014. TEX. R. APP. P. 26.2(a)(1), 26.3. Eisenhauer did not file his notice of appeal until March 24, 2015.

We issued a show cause order notifying Eisenhauer that the record raised an issue regarding our jurisdiction over the appeal. Eisenhauer's court-appointed appellate counsel has filed a response in which he states the notice of appeal was not timely filed.

Because the notice of appeal in this case was not timely filed, we lack jurisdiction to entertain the appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (holding that if appeal is not timely perfected, court of appeals does not obtain jurisdiction to address merits of appeal, and court may take no action other than to dismiss appeal; court may not suspend rules to alter time for perfecting appeal); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991) (explaining that writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure governs out-of-time appeals from felony convictions). Accordingly, we dismiss this appeal for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH